**Rodney M. BAILEY,**

v.

**MID ATLANTIC ISOTOPES/GEODAX.**

**No. Civ. JFM–01–3795.**

United States District Court,
D. Maryland.

May 1, 2002.

Rodney Michael Bailey, Baltimore, MD, Pro se.

Patrick M. Pilachowski, Stephen D. Shawe, Shawe and Rosenthal, Baltimore, MD, for Defendant.

## MEMORANDUM

MOTZ, District Judge.

Rodney M. Bailey has brought this *pro se* action for employment discrimination against his former employer, Mid Atlantic Isotopes/Geodax. Discovery has been completed, and defendant has filed a motion for summary judgment. Plaintiff has responded to the motion by submitting a letter to the Clerk of the Court.[1] Defendant's motion will be granted.

### A.

■ Plaintiff, who is African–American, first claims that his employment was terminated because of his race. The fallacy in this claim is that the record is undisputed that the reason that plaintiff lost his full-time employment was not because of his race but because of defendant's declining business. The other two drivers on the shift on which plaintiff worked (one of whom is also African–American and the other of whom is Caucasian) were likewise laid off. All of the drivers on defendant's other shift who were not laid off are African–American.[2]

■ Plaintiff's second claim is for retaliation. He asserts that he was laid off after he had complained to a company official that he believed his supervisor, Rachel Miller, was "more aggressive" and quicker to discipline African–American employees. There are two difficulties with this claim. First, plaintiff does not allege that the other two drivers on his shift engaged in any protected activity but they too were laid off. Second, plaintiff admits that prior to his conversation with the

company official, he had been advised that because defendant had lost an important account, the company would be hiring a courier service to replace the employees on the shift on which plaintiff worked. Thus, plaintiff has failed to prove any causal connection between his alleged engaging in a protected activity and the termination of his employment. *See Von Gunten v. Maryland,* 243 F.3d 858, 863 (4th Cir.2001).

### B.

Although it is not clear that plaintiff is asserting any other claims, during his deposition he did discuss several other matters he believes were discriminatory. Defendant has addressed these matters in its summary judgment papers, and I will do so as well.

#### 1. *Loss of Alleged Promotion*

Plaintiff alleges that his previous supervisor had promoted him to a supervisory position over other drivers and that Ms. Miller took that promotion away from him. Defendant challenges plaintiff's characterization that he had been "promoted." In any event, plaintiff testified on his deposition that he "didn't see anything discriminatory about" his subsequent demotion.

#### 2. *Release for Medical Records*

Defendant required plaintiff to sign papers releasing medical records, including visits to clinics and doctors, following a work-related injury. During his deposition plaintiff complained that he never saw instances when others were required to sign medical release forms. He conceded,

---

1. In the accompanying order, I direct the Clerk to docket plaintiff's letter as an opposition to defendant's summary judgment motion. I am also directing that the Clerk send a copy of the letter to counsel for defendant since plaintiff has not filed a certificate of service or otherwise indicated that he had sent a copy of the letter to defense counsel.

2. Defendant offered plaintiff employment as a part-time driver on the other shift but plaintiff declined the offer.

however, that he did not know whether defendant did require medical records from other employees under comparable circumstances. In fact, as an affidavit submitted by Ms. Miller establishes, defendant routinely requires proof of illness and a medical release from any employee who is out for an extended period.

### 3. *Request for Bereavement Leave*

Plaintiff asserts that he was subjected to unlawful harassment because he was required to engage in a debate with Ms. Miller before receiving three days of bereavement leave following the death of his grandmother's sister. Plaintiff admitted that defendant's policy does not expressly provide that an employee is entitled to three days bereavement leave, even for the death of an immediate family member. Moreover, he has presented no evidence that any Caucasian was treated differently than he concerning bereavement leave.

### 4. *Alleged "Staring" and Invasion of Personal Space*

█ Finally, plaintiff alleges that Ms. Miller harassed him by "staring" at him and, on one occasion, coming up too close to him in the lab. Staring and invading personal space are not themselves tangible employment actions, and plaintiff has presented no evidence that Ms. Miller's actions were sufficiently severe or pervasive to create a hostile working environment.

For these reasons, defendant's motion for summary judgment will be granted. A separate order to that effect is being entered herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 1st day of May 2002

ORDERED

1. The Clerk is directed to docket plaintiff's letter of April 24, 2002 as an opposition to defendant's motion for summary judgment, and to send a coy of the letter to defense counsel;

2. Defendant's motion for summary judgment is granted; and

3. Judgment is entered in favor of defendant against plaintiff.